UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMIRA ALGHAWI,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL MUKASEY, et al.,<br><br>  Defendants. | Case No. C07-586MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 14.) After reviewing the moving papers, Defendants' response (Dkt. No. 18), Plaintiff's reply (Dkt. No. 19), and all papers submitted in support thereof, the Court GRANTS Plaintiff's motion. The Court's reasoning is set forth below.

**Background**

Plaintiff Samira Alghawi, a native of Lebanon, has been a legal permanent resident of the United States since 2000. Ms. Alghawi filed an application for naturalization with the United States Citizenship & Immigration Service ("USCIS") in October 2004. USCIS interviewed Ms. Alghawi in January 2006, but delayed adjudicating her naturalization application because the FBI "name check" had not been completed. By February 2007, USCIS had still failed to process Ms. Alghawi's application.

Ms. Alghawi's claims were presented with fourteen other plaintiffs in an amended Complaint for Naturalization, Declaratory Relief and Mandamus filed by Hassan Shamdeen, Case No. C07-164MJP, pursuant to 8 U.S.C. § 1447(b). The Amended Complaint requested the

ORDER — 1

following relief:

> Plaintiffs request that the Court grant their naturalization applications, give them their oaths of citizenship and order Defendant CIS to prepare and provide certificates of naturalization. In the alternative, Plaintiffs request that the Court remand the cases to CIS with instructions that the applications be adjudicated within 30 days of the order.

(Dkt. No. 1 at 3.) In a later section of the complaint entitled "Request for Relief," Plaintiffs ask the Court to:

> Grant the applications of plaintiffs, and give the plaintiffs their oath of citizenship, or, in the alternative, order Defendant CIS to administer oaths of citizenship to plaintiffs within 10 days of the order.

(Dkt. No. 1 at 15.) On Defendants' motion, the Court issued an order severing the claims of the plaintiffs on April 23, 2007 and created fifteen discrete cases.

Ms. Alghawi was assigned Case No. C07-586MJP. On April 25, 2007, the Court ordered Defendants to show cause why the Court should not grant Ms. Alghawi's application for naturalization. (Dkt. No. 2.) Defendants responded to the order with a motion to dismiss and/or remand (Dkt. No. 7), which the Court denied on August 6, 2007 (Dkt. No. 11). After an evidentiary hearing held on September 13, 2007, the Court found that Ms. Alghawi had met her burden of proving that she was eligible for citizenship "[b]ecause Ms. Alghawi has offered proof of her eligibility for citizenship, and because the Government has failed to offer any evidence contradicting that eligibility[.]" (Dkt. No. 14 at 3.) The Court then remanded Ms. Alghawi's case to USCIS and instructed Defendants to issue a decision on Ms. Alghawi's application by September 18, 2007. (Dkt. No. 14.) Ms. Alghawi was naturalized on September 18, 2007 and the Court dismissed her case on September 20, 2007. Plaintiff now brings this motion for attorneys' fees and costs pursuant to the EAJA.

**Jurisdiction**

The Court has jurisdiction over Ms. Alghawi's action pursuant to 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is

ORDER — 2

> conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination." The Court followed the majority of district court decisions on the issue in concluding that the word "examination" refers to the date of the examination interview with a USCIS officer, and not the entire examination process. (Dkt. No. 11.) Ms. Alghawi's interview took place on January 30, 2006 and USCIS had failed to act on her application twelve months later when she filed this action.

**Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if: (1) she is the prevailing party in the matter; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). Additionally, the application for fees must be filed within 30 days of a final judgment. Defendants do not challenge Plaintiff's motion as untimely.

I. Prevailing Party

The Ninth Circuit has identified two factors that define "prevailing party" under the EAJA. Carbonell v. INS, 429 F.3d 894 (9th Cir. 2005). Plaintiff's action must have resulted in: (1) a material alteration in the parties' legal relationship; and (2) that alteration must have been judicially sanctioned. Id. at 898.

"A party need not succeed on every claim in order to prevail. Rather, a plaintiff prevails if she has succeeded on any significant issue in litigation which achieved some of the benefit she sought in bringing suit." Id. at 901 n.5 (internal citations and quotation marks omitted). Ms. Alghawi sought two alternative forms of relief in her complaint: (1) that the

ORDER — 3

Court grant her naturalization application; or (2) that the Court order USCIS to adjudicate her application and administer an oath of citizenship. In remanding the case to USCIS, the Court found that Ms. Alghawi had made a prima facie showing of eligibility for citizenship and ordered USCIS to naturalize her or show cause why the Court should not. Ms. Alghawi achieved a material alteration in her legal relationship with Defendants when her application was finally adjudicated.

The material alteration in the relationship between the parties must also be stamped with some "judicial imprimatur." <u>Carbonell</u>, 429 F.3d at 901. Relief achieved through a voluntary change that was simply prompted by the lawsuit does not convey prevailing party status on the plaintiff. See <u>Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction").

USCIS did not voluntarily naturalize Ms. Alghawi but was compelled to do so by the Court. When Ms. Alghawi brought this action under § 1447(b), the Court assumed exclusive jurisdiction and had two options for disposition of the matter: (1) to determine the matter on the merits; or (2) to "remand the matter, with appropriate instructions, to [USCIS] to determine the matter." <u>United States v. Hovsepian</u>, 359 F.3d 1144, 1161 (9th Cir. 2004); 8 U.S.C. § 1447(b). On September 14, 2007, the Court remanded Ms. Alghawi's case to USCIS with explicit instructions to adjudicate the application and reserved the right to re-establish jurisdiction if Defendants failed to comply with its order:

> The Court is not interested in naturalizing anyone who should not be naturalized. But the Court <u>is</u> interested in forcing the agency to perform and carry out its statutory duty. If the Government does not naturalize Ms. Alghawi on September 18th, then the Government must appear before this Court on September 19 at 9:00 a.m., and explain exactly why Ms. Alghawi does not meet the citizenship criteria. The Court will administer the naturalization oath to Ms. Alghawi on September 19, unless the Government can articulate a good reason at the hearing why it should not do so.

(Dkt. No. 14 at 4) (emphasis in original). USCIS acted on Ms. Alghawi's application at the direction of the Court and would have violated a court order if it had not.

ORDER — 4

Further, Ms. Alghawi's success on the merits does not rely solely on the fact that USCIS ultimately granted her application for naturalization; instead, her success stems from the fact that USCIS adjudicated her naturalization application at all. Section 1447(b) is "a statutory check on what could otherwise amount to an infinite amount of time available to the government in which to render a decision on the application[.]" Alghamdi v. Ridge, No. 3:05cv344-RS, 2006 U.S. Dist. LEXIS 68498, *13 (N.D. Fla. Sep. 25, 2006). The Ninth Circuit has found that "[a] central purpose of [§ 1447(b)] was to reduce the waiting time for naturalization applicants." Hovsepian, 359 F.3d at 1163 (citing H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of Rep. Morrison)). Ms. Alghawi's action put an end to the delay in processing her application and forced USCIS to make a determination on her immigration status. USCIS's discretion in deciding whether to grant or deny Ms. Alghawi's application does not transform the adjudication of that application into a voluntary act. See Alghamdi, U.S. Dist. LEXIS 68498, *17 ("Whether USCIS ultimately grants or denies the application are [sic] irrelevant for determining whether a plaintiff has succeeded on the merits of an action based on § 1447(b). The sole purpose of § 1447(b) is to provide the applicant with a decision on the application where a decision has been withheld for an unreasonable amount of time.").

II. Substantially Justified

A litigant may not recover fees under the EAJA if the government shows that its litigating position and "the action or failure to act by the agency upon which the civil action is based" were substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d). "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of unjustified governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings." Abela v. Gustafson, 888 F.2d 1258, 1262 (9th Cir. 1989) (emphasis added).

First, Ms. Alghawi brought this action because USCIS had failed to adjudicate her

ORDER — 5

naturalization petition even though she had completed her citizenship interview twelve months earlier. There is no statutory time limit for the adjudication of naturalization applications, but government agencies are required to conclude matters presented to them within a "reasonable time." See 5 U.S.C. § 555(b). Further, 8 C.F.R. 335.3(a) states that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" While Defendants argued that they could not adjudicate the application until Ms. Alghawi's name check was complete, they failed to explain why the name check was delayed. In a similar case, the Northern District of Florida found that the explanation "that background checks were necessary and had to be completed before the plaintiff could be naturalized... merely restates, in a conclusory manner, the necessity of completing the background check; it does not justify the delay." Alghamdi, 2006 U.S. Dist. LEXIS 68498 at *43 (emphasis in original).

Second, the government's litigation position rests on three arguments: (1) lack of subject matter jurisdiction; (2) the appropriateness of remand because USCIS is better equipped to adjudicate a naturalization petition; and (3) the necessity of remand to USCIS to await the results of Ms. Alghawi's statutorily required name check. To find that the government's litigation position was substantially justified, the Court must determine that the arguments had "a reasonable basis in law and fact." Abela, 888 F.2d at 1264.

The Court finds that Defendants' first two arguments were substantially justified. A minority of courts had held that district court review is triggered only after the FBI name check is complete. See Danilov v. Aguirre, 370 F.Supp.2d 441, 443-44 (E.D. Va. 2005). Although Defendants knew that this Court had asserted subject matter jurisdiction over similar actions, their position against jurisdiction had a reasonable basis in law. Likewise, Defendants' argument that USCIS is better equipped to assess the merits of a naturalization application is reasonable.

ORDER — 6

However, Defendants point out that, "when analyzing whether the Government was substantially justified in a particular case, courts should consider the Government's litigating position as a whole." (Response at 6) (citing Comm'r v. Jean, 496 U.S. 154, 161-162 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items.")). A careful reading of Defendants' pleadings reveals their primary argument: because Congress requires that an FBI name check be conducted on naturalization applicants, Ms. Alghawi's application should not be adjudicated, by the Court or by USCIS, until the check is completed.[1] As explained above, this argument provides no justification for the delay itself. See Alghamdi, 2006 U.S. Dist. LEXIS 68498 at *43. The Alghamdi court reasoned:

> [W]hile a reasonable person would not dispute the necessity of conducting a background check on an applicant for naturalization, a reasonable person would require a satisfactory justification for a substantial delay in completing the background check. Indeed, government agencies are required to conclude matters presented to them within a "reasonable time." See 5 U.S.C. § 555(b). Otherwise, an applicant for naturalization remains in perpetual limbo and is by de facto, denied his citizenship, a right that has been afforded by Congress to deserving individuals since the rise of the American democracy. This is particularly true when Congress has enacted legislation permitting the applicant to apply to federal district court if a decision is not rendered on the application with 120 days of the completion of the examination under 8 U.S.C. § 1447(b).

Alghamdi, 2006 U.S. Dist. LEXIS 68498 at *42-43 (emphasis in original). As in Alghamdi, Defendants have made no attempt to justify the delay in processing Ms. Alghawi's name check, and this Court cannot assume that "national security" requires such delay. Instead, making responsible United States citizens of those who seek naturalization appears to be the

---

[1] Defendants offer the clearest description of their argument with the following language: "In summary, Plaintiff would like to circumvent key aspects of the naturalization process and obtain citizenship without a complete assessment of her moral character. She is, in essence, asking this Court to assume that there is nothing in her background that would preclude her from obtaining citizenship. However, USCIS cannot adjudicate a naturalization application absent a completed background investigation. Consequently, the Court should not adjudicate an application without such information. Should this Court decide to assume jurisdiction over Plaintiff's citizenship application, the Government respectfully requests that this case be remanded to USCIS to await her security check results and, thereafter, to promptly adjudicate her application." (Dkt. No. 7 at 9.)

ORDER — 7

most reasonable way of ensuring our country's security.

Defendants' reliance on Deng v. Chertoff is misplaced.  Unlike this Court's remand order, which required immediate adjudication of Ms. Alghawi's application, the Deng court remanded petitioner's application to USCIS with instructions to adjudicate petitioner's application "as soon as possible after receiving the FBI name check results."  Deng v. Chertoff, No. C 06-7697 SI, 2007 WL 2600732, *1 (N.D.Cal. Sept. 10, 2007).  Without some justification for the delayed name check, this Court cannot find that USCIS's delay in processing Ms. Alghawi's naturalization applications was substantially justified.  Neither does the Court find that any special circumstances make the awarding of fees unjust.

III.  Reasonable Fees and Costs

Plaintiff is entitled to a "reasonable" amount of fees.  28 U.S.C. § 2412(b).  The EAJA includes a statutory cap for attorneys' fees, unless a special factor justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).  Because Ms. Alghawi's attorney needed specialized immigration law skills to file the original complaint of fifteen plaintiffs, her efforts in originating the action justify a higher market rate.  See Pirus v. Bowen, 869 F.2d 536, 540-541 (9th Cir. 1989).  However, Defendants greatly multiplied the work on these cases by moving to sever the action into fifteen distinct cases.  Because much of the work required in this matter was duplicated for the multiple plaintiffs, the Court finds it reasonable to award the statutory rate of fees to any hours spent modifying work product for related cases.  Hours billed by other members of Plaintiff's legal team are to be compensated at the statutory rate.  Further, Plaintiff is entitled to reasonable costs.  Because the Court acknowledge's Plaintiff's attorney's immigration law expertise, the Court disallows any consultation fee by an outside immigration expert.

**Conclusion**

Plaintiff is entitled to attorneys' fees at market rate for time spent on any original work

ORDER — 8

in preparing this action, and attorneys' fees at the statutory rate for time spent modifying original work for this action once the fifteen plaintiffs in the original complaint were severed into discrete cases. Plaintiff is also awarded reasonable costs.

The parties are directed to submit a joint proposed order regarding costs and fees that accords with the Court's instructions and contains documentation of costs and time billed. The proposed order shall be submitted to the Court within twenty days of this order.

The Clerk is directed to send a copy of the order to all counsel of record.

Dated: February 17, 2008.

*[signature]*

Marsha J. Pechman

U.S. District Judge

ORDER — 9